**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| JUAN DOMINGUEZ,         ) | | |
|      Plaintiff,                        ) | | |
|                                              ) | | |
| v.                                         ) | CAUSE: 2:05-CV-300-PRC | |
|                                              ) | | |
| INTERNATIONAL STEEL GROUP, INC., a/k/a  ) | | |
| Mittal,                                   ) | | |
|      Defendant.                    ) | | |

**OPINION and ORDER**

This matter is before the Court on Defendant's Motion For Summary Judgment [DE 28], filed by Defendant International Steel Group, Inc., a/k/a Mittal (hereinafter, "ISG" or "Defendant") on April 11, 2006. For the following reasons, the Court grants ISG's Motion for Summary Judgment.

**PROCEDURAL BACKGROUND**

On August 5, 2005, Plaintiff Dominguez filed an Employment Discrimination Complaint against "ISG a/k/a Mittal Inc." Specifically, the Plaintiff alleges that Defendant ISG terminated him because of his race in violation of Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e-5. Attached to his Complaint was Plaintiff's charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), in which he alleged:

> I was hired by Bethlehem Steel in November 1977. On or about May 2003, Bethlehem was bought out by ISG and I thereby continued my employment with ISG[.] On August 19, 2004, I was terminated from ISG for time fraud in which many other White employees have committed and were not terminated. ... I believe that Respondent [Defendant ISG] treated me differently because I'm Hispanic and that is a violation of Title VII of the Civil Rights Act of 1964 as amended.

Pl. Complaint, at 5.

On April 11, 2006, ISG filed Defendant's Motion for Summary Judgment. On April 14, 2006, Plaintiff Juan Dominguez sent a letter to the Clerk of the Court of the United States District Court for the Northern District of Indiana at Hammond. Plaintiff Dominguez's letter did not address Defendant ISG's Motion for Summary Judgment. On April 26, 2006, Defendant ISG filed its Reply Brief in Support of Defendant's Motion for Summary Judgment.[1]

On August 31, 2006, the Court, *sua sponte*, admonished Defendant ISG for failing to comply with Local Rule 56.1(e) by not serving an appropriate *Timms* Notice upon the Plaintiff at the time of serving its Motion for Summary Judgment.[2] Therefore, contemporaneously with its August 31, 2006 Admonishment Order, the Court issued a *Timms* Notice to Plaintiff Dominguez advising him of his obligation to respond to Defendant ISG's Motion for Summary Judgment. After providing a detailed explanation as to the procedure on summary judgment, the Court ordered Plaintiff Dominguez to file a response to the Defendant's Motion for Summary Judgment on or before September 29, 2006. In addition, because Defendant ISG had already filed a Reply Brief, the Court provided the Defendant with the following option: after the time for the Plaintiff to respond has passed, the Defendant may file a notice indicating to the Court that the Defendant rests on its previously filed Reply Brief or file a new reply brief, on or before October 16, 2006. On October 13, 2006, Defendant ISG filed a Supplemental Reply Brief in Support of Defendant's Motion for Summary Judgment.

---

[1] Based on the filing dates of Defendant's Motion for Summary Judgment and Reply Brief as well as Plaintiff Dominguez's letter, the Court assumes that Defendant ISG construed Plaintiff Dominguez's letter as a response to its Motion for Summary Judgment.

[2] Local Rule 56.1(e) provides that "[i]f a party is proceeding pro se and an opposing party files a motion for summary judgment, counsel for the moving party must serve a notice upon the unrepresented party as set forth in Appendix C." N.D. Ind. L.R. 56.1(e); *see also Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992).

As of the date of this Order, Plaintiff Dominguez has not responded to the Court's August 31, 2006 *Timms* Notice, and therefore, the Court finds that the Plaintiff has failed to respond to Defendant ISG's Motion for Summary Judgment.[3] Thus, pursuant to Local Rule 7.1(a), Defendant ISG's Motion for Summary Judgment is subject to summary ruling.

The parties have consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## RELEVANT STANDARDS

1.   *Summary Judgment standard*

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the

---

[3]The Court finds that the April 14, 2006 letter is not a response to Defendant ISG's Motion for Summary Judgment for the following reasons: (1) in response to a motion to dismiss filed by Defendant ISG on August 30, 2005, Plaintiff Dominguez indicated his response as "title[:] respond to motion to dismiss"; however, no title appears on the April 14, 2006 letter; and (2) in the April 14, 2006 letter, Plaintiff Dominguez mentions neither the subject matter of ISG's Motion for Summary Judgment (i.e., Plaintiff sued the wrong defendant) nor the filing of the Motion for Summary Judgment in any way.

record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party may discharge its "initial responsibility" by simply " 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. When the non-moving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id.* at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials and thereby shift to the non-moving party the burden of showing that an issue of material fact exists. *Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986); *Bowers v. DeVito*, 686 F.2d 616, 617 (7th Cir. 1982).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) establishes that "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." *See also Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts; the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249-50; *Doe*, 42 F.3d at 443.

Finally, the Court notes that no heightened standard of summary judgment exists in employment discrimination cases nor is there a separate rule of civil procedure governing summary judgment in employment cases. *Alexander v. Wisconsin Dept. of Health and Family Srvcs.*, 263 F.3d 673, 681 (7th Cir. 2001) (citing *Wallace v. SMC Pneumatics, Inc.*, 103 F.3d 1394, 1396 (7th Cir. 1997)). However, intent and credibility are critical issues, frequently found in employment cases, that are genuinely contestable. *Id.* Nevertheless, summary judgment in favor of the defendant is hardly unknown, or for that matter rare, in employment discrimination cases. *Wallace*, 103 F.3d at 1396.

2.   *Employment Standards for Discrimination*

Title VII of the Civil Rights Act of 1964 provides, in pertinent part:

It shall be an unlawful employment practice for an *employer*–(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any

5

> individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a) (emphasis added).  To be actionable, the offensive conduct must be based on one of the characteristics protected by Title VII, such as race.  42 U.S.C. § 2000e-2(a)(1); *see also Walcott-McQuigg v. Trustees of Purdue University*, Civil No. 4:03-CV-56-AS, 2006 WL 2540264, at *7(N.D. Ind. Aug. 30, 2006) (citing 42 U.S.C. § 2000(e)-2(a)(1) ("Title VII makes it unlawful for *employers* 'to discharge any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race ... .") (emphasis added).  A plaintiff in an employment discrimination case may prove discrimination through either direct or indirect evidence.  *Volovsek v. Wisconsin Dept. of Agr., Trade and Consumer Prot.*, 344 F.3d 680, 689 (7th Cir. 2003).  Regardless of the method, the burden is on the plaintiff to demonstrate that genuine issues exist for trial.  *Markel v. Bd. of Regents of the Univ. of Wisc. Sys.*, 276 F.3d 906, 910 (7th Cir. 2002).

3. *Summary ruling*

Local Rule 7.1(a) provides that "[f]ailure to respond or reply within the time prescribed may subject the motion to summary ruling."  N.D. Ind. L.R. 7.1(a).  The trial court's interpretation and application of its Local Rules is subject to great deference.  *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809-10 (7th Cir. 2005); *Cuevas v. U.S.*, 317 F.3d 751, 752 (7th Cir. 2003), *cert. denied*, 540 U.S. 909, 124 S. Ct. 282, 157 L. Ed.2d 197 (2003); *Tenner v. Zurek*, 168 F.3d 328, 331 (7th Cir. 1999).  In fact, a trial court has the authority to strictly enforce its Local Rules, even if summary judgment results.  *Koszola v. Board of Education*, 385 F.3d 1104, 1109 (7th Cir. 2004); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 921-22 (7th Cir. 1994) (upholding the trial court's strict

enforcement of local rules on summary judgment); *Franklin v. U.S. Steel Corp.*, No. 2:04-CV-246, 2006 WL 905914, at *1 (N.D. Ind. Apr. 7, 2006); *Jones v. Union Tank Car Co.*, No. 05-CV-22, 2006 WL 1195218, at *1 (N.D. Ind. May 4, 2006).

In turn, Rule 56(e) states that "[w]hen a motion for summary judgment is made an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading." Fed.R.Civ.P. 56(e). The Rule further states that summary judgment, if appropriate, shall be entered against a party who fails to respond as provided in the Rule. *See* Rule 56(e). Thus, summary judgment is appropriate if the non-movant does not respond and the "motion demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as matter of law." *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir.1994).

## FACTUAL BACKGROUND[4]

On or about May 7, 2003, Plaintiff was hired by ISG Burns Harbor LLC. On August 24, 2004, the Plaintiff was discharged by ISG Burns Harbor LLC. Throughout his employment, the Plaintiff was supervised by ISG Burns Harbor LLC management employees.

## DISCUSSION

In its motion, the Defendant argues that it is entitled to summary judgment because Defendant ISG was not the Plaintiff's employer. Defendant ISG asserts that Plaintiff Dominguez was employed by ISG Burns Harbor LLC (formerly ISG Burns Harbor Inc.), a separate and distinct legal entity from Defendant ISG and therefore Defendant ISG cannot be held liable for alleged discriminatory acts by ISG Burns Harbor LLC. In support, Defendant ISG proffers two affidavits from employees of ISG Burns Harbor LLC. As noted above, Plaintiff Dominguez did not file a

---

[4] Because the Plaintiff failed to a response to Defendant ISG's Motion for Summary Judgment, the Court constructs the facts from Defendant ISG's Motion.

7

response. In its Supplemental Reply Brief, Defendant ISG offers additional evidence demonstrating that it was not the Plaintiff's employer, including (1) the Plaintiff's own deposition testimony, in which he admitted that the Defendant was not his employer, and (2) documentary evidence such as tax returns and payroll stubs.

## ANALYSIS

In support of summary judgment, Defendant ISG offers evidence in the form of affidavits from employees of ISG Burns Harbor LLC, in which the affiants assert that ISG Burns Harbor LLC is a separate and legal distinct entity from Defendant ISG. Further, one of the affiants assert that the Plaintiff was hired by ISG Burns Harbor LLC on May 7, 2003, and that the Plaintiff worked for ISG Burns Harbor LLC until August 24, 2004, the date of his discharge. *See* Def. Mot., Ex. B. Moreover, Defendant ISG proffers further evidence in the form of tax returns (two W-2 forms for 2004) and four payroll stubs for January-February 2004, which show the Plaintiff's employer as ISG Burns Harbor Inc. in the early part of 2004 and ISG Burns Harbor LLC in the latter part of 2004. *See* Def. Supp. Reply., Ex. 1. Finally, Defendant ISG points to the Plaintiff's deposition, in which Plaintiff Dominguez, in response to questions on numerous occasions regarding his employer, admits that ISG Burns Harbor LLC was his employer. *See* Def. Supp. Reply, Ex. 1 (Pl. Dep., at 23:6-9,14-17,18-25; 24:1-6,14-16; 26:4-8, 17-22). In particular, Plaintiff Dominguez explicitly testified at his deposition that he was fired by ISG Burns Harbor LLC, his employer in August of 2004. *See* Def. Supp. Reply, Ex. 1 (Pl. Dep., at 26:17-22). The Plaintiff has failed to offer any evidence to the contrary.

The Plaintiff has not raised any genuine issue of material fact in response to summary judgment and the law supports judgment in favor of Defendant ISG. The Court finds that Defendant

ISG was not the Plaintiff's employer at any time relevant to the allegations in the Complaint and thus it cannot be held liable for alleged discriminatory acts arising out of the employment relationship at the time of the Plaintiff's discharge.  Accordingly, the Court finds that no reasonable jury could find for the Plaintiff against Defendant ISG in this matter.

## CONCLUSION

Based on the foregoing, Plaintiff Dominguez has not set forth any specific facts showing that there is a genuine factual issue for trial, and he cannot support his claims of race discrimination. Under the Summary Judgment Standard of Rule 56(c), Defendant ISG has established that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

Accordingly, the Court hereby **GRANTS** the Defendant's Motion For Summary Judgment [DE 28] and hereby **ORDERS** the Clerk of the Court to **ENTER JUDGMENT** in favor of Defendant International Steel Group, Inc., a/k/a Mittal, Inc. and against Plaintiff Juan Dominguez.

The Court **VACATES** all pre-trial and trial settings.

SO ORDERED this 5th day of January, 2007.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:   All counsel of record including Plaintiff Juan Dominguez, *pro se*, 2625 Frye Street, Lake Station, Indiana 46405.